ADAM BRAVERMAN
United States Attorney
SHITAL H. THAKKAR
Assistant U.S. Attorney
Illinois State Bar No. 6273151
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-8785
Shital.thakkar@usdoj.gov

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No.: 18-CR-02624-H |
|---|---|
| Plaintiff, | ) Date: June 11, 2018 |
| | ) Time: 2:00 p.m. |
| vs. | ) GOVERNMENT'S RESPONSE AND |
| | ) OPPOSITION TO DEFENDANT'S |
| | ) MOTION TO: |
| | )     (1) Compel Discovery |
| JOAQUIN MARIO CIPRIANO-ORTEGA, | )     (2) Preserve Evidence |
| | )     (3) Leave to File Further Motions |
| Defendant. | ) |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Adam Braverman, United States Attorney, and Shital H. Thakkar, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of defendant.

//

## I.
## **STATEMENT OF THE CASE**

On May 24, 2018, a one-count information was filed charging Defendant with a violation of 8 U.S.C. § 1326(a), Removed Alien Found in the United States. (ECF Dkt. 9). On May 29, 2018, Defendant filed a motion to (1) Compel Discovery; (2) Preserve Evidence; and (3) Leave to File Additional Motions. (ECF Dkt. 12). A Motion Hearing/Trial Setting date is scheduled for June 11, 2018.

## II.
## **STATEMENT OF FACTS**

On May 15, 2018, at approximately 8:30 PM, Border Patrol Agent D. Helmick, who was operating an infrared scope, observed one individual east of the Brown Field Station SR 94 Border Patrol Checkpoint, near an area known to Border Patrol agents as "Old Honey Springs." Border Patrol Agent 0. Saavedra was on duty and responded to the area. After a brief search, Agent Saavedra located the Defendant, attempting to hide near some brush. This area is approximately nine miles east of the Otay Mesa, California, Port Of Entry and approximately eight miles north of the United States/Mexico International Boundary. Agent Saavedra approached the Defendant, identified himself as a Border Patrol agent, and conducted an immigration inspection. The Defendant stated that he was a citizen of Mexico, not in possession of immigration documents allowing him to enter or remain in the United States legally. The Defendant was placed under arrest.

Official immigration records of the Department of Homeland Security revealed the Defendant was previously deported to Mexico on December 30, 2017 through San Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

# POINTS AND AUTHORITIES

## A. The Motion to Compel Discovery Should Be Denied

The United States recognizes and acknowledges its obligation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The United States will continue to comply with its discovery obligations going forward. As to exculpatory information, the United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive, impeachment, or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide reasonable notice before trial of any 404(b) evidence and asks the Court not to impose and strict deadline.

The United States believes three weeks' expert notice is appropriate and asks the Court to impose that notice requirement on both parties.

The United States requests that no orders compelling specific discovery by the United States be made at this time.

## B. Response to Defendant's Motion to Preserve Evidence.

The United States has no opposition to this motion, insofar as the requested material is relevant and discoverable. The United States will attempt to preserve any and all physical evidence related to the defendant's arrest, A-file documentation, any relevant surveillance footage, which may be in existence.

## C. Response to Defendant's Motion For Leave to File Further Motions.

The United States has no opposition to this motion.

//

//

## **CONCLUSION**

For the above reasons, the United States requests the Court not enter any specific discovery order at this time.

Respectfully submitted,

ADAM L. BRAVERMAN
United States Attorney

 *s/Shital H. Thakkar*
SHITAL H. THAKKAR
Assistant United States Attorney

Dated: June 4, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 18-CR-02624-H |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JOAQUIN MARIO CIPRIANO-ORTEGA, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, Shital H. Thakkar, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Richard Deke Falls, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on June 4, 2018.

                                    *s/Shital H. Thakkar*
                                    SHITAL H. THAKKAR